**WO**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00079-001-TUC-CKJ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Elvia Lorena Lamont, | |
| Defendant. | |

Before the Court are non-party Motions to Quash Subpoena filed by Defendant's sons. (Docs. 91, 92). For the following reasons, the non-party Motions are DENIED.

On September 17, 2018, Defendant Elvia Lorena Lamont pleaded guilty to one count of Misprision of Felony under 18 U.S.C. § 4. (Doc. 59) Defendant and her husband committed healthcare fraud by submitting exaggerated and falsified billing invoices to Medicare for their private in-home healthcare company for nearly 10 years. (Doc. 74) As part of her plea agreement, Defendant was sentenced to 13 months incarceration and was ordered to pay $1,054,839 in restitution. (Docs. 59 at 5; 85 at 1)

On May 20, 2020, the United States Government served JP Morgan Chase Bank ("Chase") with a subpoena requesting:

1
2
3
4
5

> [A]ll records in your possession, custody or control or to which you have any right of access for any account in which Elvia Lamont . . . has/had any signatory authority or interest, whether it be individually, jointly, severally, as part of an entity, or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever.

6
7
8
9
10

(Doc. 94 at 2)  The subpoena covered the time period from May 1, 2013, through the present.  *Id.*  According to the Government, the subpoena further requested specific types of documents associated with financial accounts including signature cards and account applications.  *Id.*  The Government also asserts that it requested only records from accounts in which Defendant had an interest.  *Id.*

11
12
13
14

On July 10, 2020, two of Defendant's sons filed separate Motions to Quash along with affidavits testifying they objected to release of their financial records because they do not have any accounts or statements with Chase that contain Defendant's information or statements.  (Docs. 91, 92)

15
16
17
18
19
20
21
22
23
24
25

On July 20, 2020, the Government filed its response arguing the Federal Debt Collection Procedures Act ("FDCPA") permits it to seek discovery regarding the financial condition of Defendant (the debtor) in the manner authorized by the Federal Rules of Civil Procedure.  (Doc. 94 at 3)  The Government concedes that the Right to Financial Privacy Act ("RFPA") allows non-party banking customers of the financial institution from which financial records pertaining to him have been sought to object to a subpoena.  *Id.*  The Government concludes that while the RFPA establishes privacy rights over an individual's financial records, the Act also permits the United States to obtain records when necessary as part of the Government's legitimate law enforcement activities.  *Id.*  Financial records in which Defendant has an interest, it argues, meets the legitimate law enforcement guideline.

26

To date, neither Defendant nor her sons have filed a reply.  This Order follows.

27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 governs motions to quash or modify a subpoena. Section (d)(3)(A) of the Rule identifies circumstances in which a court *must* grant a motion to quash or modify a subpoena.  Fed. R. Civ. P. 45(d)(3)(A).  It provides:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

Federal Rule of Civil Procedure 26 also guides the parameters of a motion to quash subpoena since it defines the permissible scope of discovery.  *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10409840, at \*2 (D. Ariz. Nov. 6, 2017).  Rule 26(c) requires that a court limit the extent of discovery, including that which is obtained by a subpoena, if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).  In turn, Rule 26(b)(1) broadly allows "discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1) (emphasis added).

The "relevance" standard, however, does not apply to non-parties.  *See Dart Indus. Co. v. Westwood Chem. Co*., 649 F.2d 646, 649 (9th Cir.1980) ("While discovery is a valuable right and should not be unnecessarily restricted . . . , the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (internal citation omitted). "To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure."  *R. Prasad Indus. v. Flat Iron Envtl. Solutions Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at \*2 (D. Ariz. June 20, 2014).

1

2

Lastly, section 3410 of the RFPA provides additional guidelines to consider when analyzing a motion to quash subpoena for financial records.  In relevant part, it provides:

3

4

5

6

7

8

9

10

11

A motion to quash an administrative summons or an application to enjoin a Government authority from obtaining records pursuant to a formal written request shall be filed in the appropriate United States district court. Such motion or application shall contain an affidavit or sworn statement (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

. . . .

12

13

14

15

16

17

If the court finds that the customer has complied with subsection (a), it shall order the Government authority to file a sworn response, which may be filed in camera if the Government includes in its response the reasons which make in camera review appropriate. If the court is unable to determine the motion or application on the basis of the parties' initial allegations and response, the court may conduct such additional proceedings as it deems appropriate.

. . . .

18

19

20

21

22

If the court finds . . . that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced.

23

24

25

26

27

28

12 U.S.C.A. § 3410 (West)

### ANALYSIS

The Court finds there is a demonstrable reason to believe that the Government's inquiry into Defendant's financial records, or those records in which Defendant has a financial interest, is legitimate.  The Court also finds there exists reasonable belief that the records sought are relevant to that inquiry.  Defendant was convicted of a serious felony

offense which constituted years of fraud upon the United States. According to the Government, Defendant still owes over $1,000,000 in restitution.  The Government seeks records in which Defendant has a financial interest and/or signatory authority and its request for information does not appear irrelevant or overly broad.  *See Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) (ruling that discovery into a third-party's assets is permissible where the "relationship between the judgment debtor and the [third-party] is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them").

The Government has also demonstrated that its need for discovery outweighs the nonparties' interest in nondisclosure, as the nonparties fail to sufficiently indicate that the records the Government seeks are entirely unrelated to Defendant's financial interests or that any of the scenarios under Federal Rule of Civil Procedure 45(d)(3)(A) apply.  The non-parties' cursory assertions to the contrary are insufficient to quash the subpoena.  Accordingly, the Motions to Quash Subpoena are DENIED.


IT IS SO ORDERED:

1. The Motions to Quash Subpoena (Docs. 91, 92) are DENIED.

2. The Government may proceed with review of those records.


Dated this 30th day of July, 2020.


Honorable Cindy K. Jorgenson
United States District Judge